**UNITED STATES of America, Plaintiff–Appellee**

v.

**Cesar Damien Cruz SANCHEZ, Defendant–Appellant.**

**No. 15–20444**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

April 20, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Scott Andrew Martin, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Cesar Damien Cruz Sanchez raises an argument that is foreclosed by *United States v. Martinez–Lugo*, 782 F.3d 198, 204–05 (5th Cir.), *cert. denied,* —— U.S. ——, 136 S.Ct. 533, 193 L.Ed.2d 426 (2015). In *Martinez–Lugo*, 782 F.3d at 204–05, we held that an enhancement un-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

der U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior felony conviction of a drug trafficking offense is warranted regardless whether the conviction for the prior offense required proof of remuneration or commercial activity.

He also raises an argument that is foreclosed by *United States v. Rodriguez–Escareno*, 700 F.3d 751, 753–54 (5th Cir. 2012), which held that a federal conviction for conspiracy to commit a drug trafficking offense qualifies for the § 2L1.2(b)(1)(A)(i) enhancement.

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.